NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TWO BROTHERS DISTRIBUTING INCORPORATED, an Arizona corporation; et al., <br><br>         Plaintiffs-Appellants, <br><br>  v. <br><br> VALERO MARKETING AND SUPPLY COMPANY, a foreign company, <br><br>         Defendant-Appellee. | No.   17-17095 <br><br> D.C. No. 2:15-cv-01509-DGC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted April 17, 2019[**]
San Francisco, California

Before:  THOMAS, Chief Judge, M. SMITH, Circuit Judge, and VRATIL,[***]
District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

Two Brothers Distributing, Inc. ("Two Brothers") and ten associated gasoline retailers (the "Station Plaintiffs," together with Two Brothers, "Plaintiffs") filed suit against Valero Marketing and Supply Company ("Valero"). Two Brothers purchases fuel from Valero, and distributes gasoline to third-party retailers in the Phoenix, Arizona market. The Station Plaintiffs purchase gasoline from Two Brothers for sale at retail pumps. This matter concerns Valero's pricing of fuel to Two Brothers under a series of contracts with an open price term. The district court dismissed the Station Plaintiffs' contract-based claims for lack of standing. Later, it granted summary judgment in favor of Valero on all remaining claims. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo a district court's decision to grant summary judgment. Evanston Ins. Co. v. OEA, Inc., 566 F.3d 915, 918–19 (9th Cir. 2009). Viewing the evidence in the light most favorable to the non-moving party, we determine whether any genuine issues of material fact exist and whether the district court correctly applied the substantive law. Id.

Plaintiffs' claims are based in part on Distribution Marketing Agreements ("DMAs") which provide that Two Brothers "shall pay to [Valero] that price specified by [Valero] from time to time[.]" The DMAs themselves do not explain or limit how Valero will set fuel prices. Two Brothers contends that before the parties entered into the first DMA in 2007, Valero orally promised that it would

charge Two Brothers a fuel price in line with discount brands and Valero-owned stations so that Two Brothers stations would remain competitive and profitable. Two Brothers also asserts that based on these representations, Valero should have charged Two Brothers the same price that Valero charged its related company, CST Marketing and Supply Co. ("CST").

1.     The district court did not err in granting summary judgment to Valero on Two Brothers' breach of contract claim based on alleged oral representations as to price.  The Uniform Commercial Code ("U.C.C.") applies because the DMAs involve the sale of petroleum.  Under Arizona's version of U.C.C. § 2-202, Valero's alleged oral representations cannot be used to explain or supplement the DMAs, which are fully integrated agreements, because they do not constitute "course of performance, course of dealing or usage of trade."  Ariz. Rev. Stat. Ann. § 47-2202 (2006).  Even under Arizona's traditional parol evidence rule, Valero's alleged oral statements about price cannot be considered because the DMAs are not "reasonably susceptible" to an interpretation that adopts prior representations about price.  Taylor v. State Farm Mut. Auto. Ins. Co., 854 P.2d 1134, 1140 (Ariz. 1993).

2.     The district court did not err in granting summary judgment to Valero on Two Brothers' breach of contract claim under the U.C.C. based on Valero's alleged failure to set the price in good faith.  Arizona has adopted Section 2-305 of the U.C.C., which provides that when a contract contains an open price term, the

17-17095

seller must set the price in good faith. See Ariz. Rev. Stat. Ann. § 47-2305(B). Under Official Comment 3 to U.C.C. Section 2-305, evidence that a seller charged the regularly "posted price" or "market price" normally satisfies the requirement of good faith. See id., cmt. 3. Here, the district court correctly found that Two Brothers had not presented sufficient evidence to overcome the presumption of good faith, under either an objective or subjective test. As a purchaser, Two Brothers was in a vastly different position from either the Valero-owned stations or CST. No reasonable jury could infer that Valero acted in bad faith by charging Two Brothers a publicly posted and commercially reasonable price, although it was higher than the price Valero charged its own stations or CST (which is required to annually purchase approximately 100 times more fuel than Two Brothers). Finally, Valero's failure to abide by the alleged oral representations could not establish bad faith because the DMAs include an integration clause which expressly disavows any such representations.

3.      Two Brothers alleged that Valero breached the implied covenant of good faith and fair dealing because it did not price fuel consistently with its alleged oral representations. Based on the integration clause, the fact that Valero charged Two Brothers a posted and commercially reasonable price and the lack of other evidence to justify Two Brothers' expectation that Valero would set its prices at levels comparable to those charged CST or that would ensure that Two Brothers

4                                                    17-17095

made a profit, the district court correctly granted summary judgment to Valero on this claim. See Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund, 38 P.3d 12, 28 (Ariz. 2002) (en banc) ("The implied covenant of good faith and fair dealing prohibits a party from doing anything to prevent other parties to the contract from receiving the benefits and entitlements of the agreement."); Kuehn v. Stanley, 91 P.3d 346, 354 (Ariz. Ct. App. 2004) ("As a general rule, an implied covenant of good faith and fair dealing cannot directly contradict an express contract term.").

4. Two Brothers and the Station Plaintiffs alleged that Valero interfered with their business relationship by intentionally engaging in "unfair pricing activities" that disrupted the relationships between them and their respective abilities to profit from the sale of fuel. The district court correctly granted summary judgment to Valero on this claim because plaintiffs presented no evidence that (1) Valero interfered with a *prospective* business relationship, (2) plaintiffs had a reasonable business expectancy of high profits, Bar J Bar Cattle Co. v. Pace, 763 P.2d 545, 548 (Ariz. Ct. App. 1988) (tortious interference claims are intended to protect only the "reasonable expectations" of parties), or (3) Valero acted improperly, Miller v. Hehlen, 104 P.3d 193, 202 (Ariz. Ct. App. 2005) ("[A] competitor does not act improperly if his purpose at least in part is to advance his own economic interests.") (citation omitted).

5.    Two Brothers alleged that Valero violated the Robinson-Patman Act, 15 U.S.C. § 13(a), because it charged Two Brothers a higher price than it charged CST.  As the district court noted, however, the CST Master Agreement (1) has a duration five times longer than the duration of the DMAs, (2) requires CST to purchase approximately 100 times more fuel than Two Brothers for sales in 100 times more stores, and (3) involves markets nationwide—far beyond Two Brothers' operation in the Phoenix market.  Based on these material differences, the district court correctly granted summary judgment to Valero because Two Brothers failed to show price discrimination.  See Aerotec Int'l, Inc. v. Honeywell Int'l, Inc., 836 F.3d 1171, 1188 (9th Cir. 2016) (plaintiff must show that "the differentially priced product or commodity is sold in a 'reasonably comparable' transaction") (quoting Tex. Gulf Sulphur Co. v. J.R. Simplot Co., 418 F.2d 793, 807 (9th Cir. 1969)); see also id. ("Quite sensibly, courts have held that a seller is not obligated to charge the same prices for a commodity if its sales contracts with different buyers contain materially different terms.") (citation and internal quotation marks omitted).

6.    The Station Plaintiffs appeal the district court's ruling which dismissed their contract-based claims for lack of standing.  Because the district court properly granted summary judgment to Valero on the merits of the contract-based claims, this issue is moot.

7.    Because we affirm, Valero is entitled to court costs.  See Fed. R. App.

17-17095

P. 39(a)(2). Valero also requests that we award attorneys' fees and costs incurred on appeal against Two Brothers under the terms of the DMAs and against the Station Plaintiffs under Ariz. Rev. Stat. Ann. § 12-341.01. We remand for the district court to address whether Valero is entitled to appellate fees and further costs under the terms of the DMAs and the relevant statutory provision.

**AFFIRMED. Remanded to the district court for consideration of Valero's request for fees and non-court costs**.

17-17095